George **BROWN**, Jr., Petitioner-Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 28102

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Jan. 8, 1970.

George Brown, Jr., pro se.

Earl Faircloth, Atty. Gen. of Florida, Horace A. Knowlton, III, Tallahassee, Fla., for appellee-respondent.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

Appellant is a Florida convict presently incarcerated in the state prison at Raiford. He filed a petition in the court below to invalidate the prison regulation requiring prisoners to be clean-shaven. Appellant alleges he is a demi-god, "an offspring of a God and Mortal", and that his mustache is a gift from his creator. He states that he *is* an established religion, and to require him to shave is an infringement upon his religious liberties as guaranteed by the Constitution.

The court below denied relief without a hearing in an order filed February 11, 1969, stating that the matter is one for prison administration. In the same order a certificate of probable cause to appeal was denied.

Appellant filed another petition in the district court containing the same allegations and requesting a rehearing. The court denied the motion and dismissed the action in an order filed June 2, 1969,

referring to its prior order of February 11.

Lawful incarceration brings with it the necessary withdrawal or limitations of many privileges and rights. Price v. Johnston, 334 U.S. 266, 86 S.Ct. 1049, 92 L.Ed. 1356 (1948); Jackson v. Godwin, 5 Cir., 1968, 400 F.2d 529; Walker v. Blackwell, 5 Cir., 1969, 417 F.2d 23.

The rule in question is applied to all inmates alike. For personal cleanliness and for personal identification under prison conditions, the rule appears to be neither unreasonable nor arbitrary. There is thus no Constitutional basis for our interference with this vital state function, Adams v. Ellis, 5 Cir., 1952, 197 F.2d 483; Schack v. State, 5 Cir., 1968, 391 F.2d 593; Granville v. Hunt, 5 Cir., 1969, 411 F.2d 9.

Affirmed.