**Bennie W. BROOKS, Plaintiff-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, et al.,
Defendants-Appellees.**

**No. 27023.**

United States Court of Appeals,
Fifth Circuit.

June 15, 1970.

Bennie W. Brooks, pro se, Samuel S. Jacobson, Jacksonville, Fla. (Court-appointed) for plaintiff-appellant.

Earl Faircloth, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, Fla., for defendants-appellees.

Before GODBOLD, DYER and MORGAN, Circuit Judges.

PER CURIAM:

Bennie W. Brooks is a prisoner incarcerated in the Florida State Prison at Raiford, Florida. He filed a suit in the District Court, Middle District of Florida, alleging that the prison's rules requiring inmates to shave twice a week and receive periodic haircuts was violative of his First and Fourteenth Amendment rights. The District Court dismissed the suit as frivolous. We affirm.

Brooks alleges that the prison regulations violate the following of his constitutional rights: (1) free exercise of religion, (2) Fourteenth Amendment due process of law, (3) equal protection of the law, and (4) freedom of expression.

The religious exercise sought to be placed under constitutional protection here is that his hair be allowed to grow on his head and his face. The source of belief in such religious exercise is a "divine revelation" made to Brooks in which the "Lord God of Israel" commanded Brooks to follow His laws "such as given Moses for the children of Israel". One of these laws, as established by scripture from the Bible,[1] is that "Ye shall not round the corners of your heads, neither shalt thou mar the corners of thy beard".

The religious exercise here, then, is based on a belief in the Supreme Being or God acknowledged by established religions in society today and on the Book generally said in society to contain the revealed teachings of that God.

However, the distinction between this religious belief and that in Brown v. Wainwright, 5 Cir., 1970, 419 F.2d 1376,[2] does not make *Brown* less controlling in this case. The reasons given in *Brown* for rejecting the prisoner's claim that growing his hair was an exercise of his religion, and the reasons given for rejecting other constitutional claims of prisoners,[3] are that where the state regulation is neither unreasonable nor arbitrary, the courts will not interfere with the administrative functions of state prisons. Here, as in *Brown*, the haircut and shave regulations promote "cleanliness and * * * personal identification", so that, regardless of the source of the religious belief, the state has not enforced an unreasonable and arbitrary regulation.

See also Diehl v. Wainwright, 5 Cir., 1970, 419 F.2d 1309, wherein this court rejected a state prisoner's claim that his right to take a Bible correspondence course was protected by First Amendment "freedom of religion".

1. *Leviticus* 19:27; *Numbers* 6:5.

2. The prisoner in the *Brown* case asserted "he *is* an established religion" rather than professing a belief in the God of an established religion.

3. Walker v. Blackwell, 5 Cir., 1969, 411 F.2d 23 (prison regulation denying prisoner right to have his own religiously acceptable meal was not violative of "freedom of religion" right); Evans v. Ciccone, 8 Cir., 1967, 377 F.2d 4 (federal prison officials prohibiting prisoner's free exercise of religion was not in violation of his "freedom of religion" right). Cf. Jackson v. Godwin, 5 Cir., 1968, 400 F.2d 529 (prison rules denied a Negro inmate equal protection by depriving him of his right to receive Negro newspapers and magazines).

Likewise, Brooks' due process argument[4] is disposed of for the same reasons.

Nor has Brooks shown that the prison regulation is discriminatory against Negroes and, therefore, a deprivation of equal protection of the law. The regulation in question here applies to all inmates, black and white alike, and is not inherently discriminatory.

Brooks' final contention—that the regulation violates his freedom of expression—has been decided to the contrary in Ferrell v. Dallas Independent School District, 5 Cir., 1968, 392 F.2d 697.

The District Court did not, therefore, abuse its discretion in dismissing this claim. Shobe v. People of State of California, 9 Cir., 1966, 362 F.2d 545, cert. den. 385 U.S. 887, 87 S.Ct. 185, 17 L.Ed.2d 115 (1966).

Affirmed.

---

4. The cases of Breen v. Kahl, 296 F.Supp. 702 (W.D.Wis., 1969) and Richards v. Thurston, 304 F.Supp. 449 (D.Mass. 1969) cited by Brooks, are school cases and, therefore, distinguishable on that ground alone.