**John BLAKE, Petitioner,**

v.

**Harold H. PRYSE, Warden, Federal Correctional Institution, Sandstone, Minnesota 55072.**

**No. 5–70 Civ. 28.**

United States District Court,
D. Minnesota,
Fifth Division.

July 13, 1970.

John Blake in pro. per.

Robert G. Renner, U. S. Atty., by Stephen G. Palmer, Asst. U. S. Atty., for respondent.

NEVILLE, District Judge.

Petitioner is a federal prisoner serving a sentence at the Federal Correctional Institution at Sandstone, Minnesota. He appeared pro se at an evidentiary hearing before this court. His petition alleges that prison officials are interfering with his civil and constitutional rights in regards to the "length or style of petitioner's hair, beard and/or moustache." He asserts these to be personal rights guaranteed by the United States Constitution "being as much a part of petitioner as his arm or leg and therefore not subject to the prejudice and/or personal value judgments of the * * * prison officials." He alleges he has been threatened with disciplinary penalties because his hair is not cut according to the standards and that "any refusal to shave is met with solitary confinement and other pains and penalties, occasionally including forcible shaving, a type of corporal punishment."

Petitioner presented his case in person and called no witnesses. As he appeared in court he had the beginnings of a beard or goatee and stated that he believed his hair was at the time within at least the outer permissible limits of the applicable prison regulations.

The government in rebuttal called as a witness the Chief Correctional Supervisor of the Institution. He testified that the prison has regulations relative

to hair, length and style thereof and facial hair; that hair cuts must be tapered to the collar; hair must not extend over the ears; no sideburns are allowed below a line from the bottom of the ear lobe to the tip of the nose; that otherwise the face must be clean shaven. He stated that one of the principal reasons for the regulation is identification. Pictures are taken as inmates enter the institution. If they are permitted to grow long hair and then are missing, identification becomes difficult. Further, as a matter of hygiene long hair is restricted. Where many men live together in close proximity, unusual hairstyle is offensive to some of the inmate population and conceivably, if long enough, hair on the head could conceal a small weapon or instrument. The Supervisor testified that there is no federal correctional institution where beards or long hair are allowed.

■■■ Federal courts entertain natural reluctance to interfere with the internal discipline of the federal correctional institutions or prisons. Glenn v. Ciccone, 370 F.2d 361 (8th Cir. 1966); Douglas v. Sigler, 386 F.2d 684 (8th Cir. 1967). One who has committed a violation of law and is thus incarcerated must expect to submit to reasonable discipline. While it is true he does not lose all his civil rights when he is placed behind prison gates, yet unless the discipline administered constitutes cruel and inhuman treatment within the meaning of the Eighth Amendment to the Federal Constitution, the court should not interfere nor attempt to superintend the treatment and discipline of prisoners. Lee v. Tahash, 352 F.2d 970 (8th Cir. 1965). Petitioner admittedly does not claim any religious freedom involved in becoming hirsute.

Hair cases previously have been before courts involving prison regulations. Brown v. Wainwright, 419 F.2d 1376 (5th Cir. 1970). The Court of Appeals there in denying a petition to invalidate a prison regulation requiring prisoners to be clean shaven, stated:

"Lawful incarceration brings with it the necessary withdrawal or limitations of many privileges and rights. Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948); Jackson v. Godwin, 5 Cir., 1968, 400 F.2d 529; Walker v. Blackwell, 5 Cir., 1969, 411 F.2d 23.

The rule in question is applied to all inmates alike. For personal cleanliness and for personal identification under prison conditions, the rule appears to be neither unreasonable nor arbitrary. There is thus no Constitutional basis for our interference with this vital state function." 419 F.2d at 1377

See also Brooks v. Wainwright, 428 F.2d 652 (5th Cir. 1970), where a regulation requiring a prisoner to shave twice a week and receive periodic haircuts was upheld as reasonable. Military discipline has required cutting of the hair. See Raderman v. Kaine, 411 F.2d 1102 (2nd Cir. 1969); Gianatasio v. Whyte, 426 F.2d 908 (2nd Cir. 1970).

This court has held that the right to wear one's hair as he chooses may rise to constitutional heights as against a school board's attempt to exclude him from attending school on account thereof. See Westley v. Rossi, 305 F.Supp. 706 (D. Minn.1969). The premise of that case, however, is far different from a situation involving a prisoner and the *Westley* case is wholly inapposite. In Brooks v. Wainwright, *supra*, the court (see fn. 4) distinguished school cases from a prisoner case.

■ The court therefore finds that the rules and regulations of which petitioner complains are reasonable, do not constitute cruel and inhuman punishment and are well within the discretion lodged with prison officials. The petition is therefore denied.