**Thomas RALLS, Jr., Plaintiff,**
**and**
**Charles McClelland, serving as fiduciary and conservator and next of friend applicant, under 28 U.S.C. § 2242,**
**v.**
**Charles WOLFE, Jr., Associate Warden of Custody, Nebraska Penal Complex, Defendant.**
**Civ. No. 1777 L.**

United States District Court,
D. Nebraska.
Jan. 13, 1971.

Frederick J. Coffman, Lincoln, Neb., for plaintiff.

Harold Mosher, Asst. Atty. Gen., for defendant.

### MEMORANDUM RE MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT

URBOM, District Judge.

The defendant has filed a pleading captioned "motion to strike and motion for a more definite statement." If the motion to strike were sustained, the effect would be to emasculate the plaintiff's complaint. The primary thrust of the motion is that the allegations of the complaint do not state a claim upon which relief may be granted. It therefore appears proper to consider the motion to be a motion to dismiss for failure of the pleadings to state a claim upon which relief can be granted, within the meaning of Rule 12(b) of the Federal Rules of Civil Procedure.

The plaintiff, Thomas Ralls, Jr., alleges that he is an inmate at the Nebraska Penal and Correctional Complex. Two principal occurrences are relied upon as stating a claim for relief under the Civil Rights Act:

(1) On August 17, 1970, the defendant, Associate Warden of Custody of the Nebraska Penal and Correctional Complex, demanded that Thomas Ralls, Jr. remove a cardboard with which Ralls had dimmed the light in his cell in the maximum security unit, but permitted some other prisoners to have their lights darkened.

(2) At some unspecified time the defendant demanded that Ralls shave off his goatee and mustache under threat of being placed in the "hole" and on a restricted diet and, thereafter, refused to permit Ralls to use the law library or obtain assistance from the inmate legal assistant to prepare a legal case against the defendant regarding the shaving incident.

▪ Ralls seeks injunctive relief and damages. Insofar as injunctive relief is concerned, it appears that no irreparable damage has been done or that irreparable damage will be done in the future in the absence of an injunction. A court will not grant an injunction if the granting of damages would compensate adequately for whatever loss has been suffered. This situation is quite different from one in which a state, through a school board, has refused to permit a student to attend school unless he cuts his hair. The giving of monetary compensation for the loss of an education would be a poor substitute for the education itself. On the other hand, compensating one for the loss of a beard and mustache would be satisfactory, particularly where, as here, the sole reason for wanting the mustache and goatee is to enable Ralls to obtain employment upon his release from imprisonment. That is the stated reason in the complaint for the growing of the mustache and goatee.

▪ As for the awarding of damages, there can be no damage until Ralls has been released and has been denied employment because of his not having a mustache and goatee.

Accordingly, this court does not reach the question of whether Ralls has a constitutional right to grow a goatee and mustache. Whether he has such a right

or not, he is not entitled to injunctive relief and he is not at this time entitled to damages with respect to the beard incident.

■ As to the alleged denial of use of the law library and assistance, it is apparent from the fact that the complaint was filed with numerous legal citations and with sufficient skill that the trained counselor at law who now has been appointed to represent Ralls has not found it necessary to amend the allegations of the complaint that there could be no determination that any damage has resulted to Ralls from the purported denial of use of the library or legal assistance from an inmate. It is clear that Charles McClelland, a fellow inmate, did assist Ralls in the preparation of the complaint and accompanying documents. Whether the result of that assistance or not, the fact is that the legal documents filed here were articulately drawn and fully expressive of the facts evidently sought to be brought to the court's attention.

■ It is obvious that Charles McClelland, who purports to be a fiduciary, conservator and next friend applicant of Ralls, has no standing in any of those capacities. No legal reason is shown why Ralls is not perfectly capable to have this matter presented in Ralls' own name. Ralls signed the complaint and he signed the affidavit of poverty. He may have needed McClelland's help and he obviously received it, but that does not mean that McClelland can become, in effect, a party to the suit by denominating himself fiduciary, conservator, or next friend applicant.

■ As to the incident relating to the darkening of the light in the cell, this court is unable to fashion from that incident any denial of a federally protected right. The defendant may have been brusque, unfair, unwise, and uncouth, but he was not acting in deprivation of the federal constitution or the federal laws. Whatever remedy Ralls may have arising from the incident must be brought either through the warden, the director of institutions, the state court, or some other arm of the State of Nebraska.

An order will be entered dismissing the complaint.