John BLAKE, Petitioner-Appellant,

v.

H. H. PRYSE, Warden, Sandstone, Minnesota, Federal Bureau of Prisons, Washington, D. C., Respondent-Appellee.

No. 20600.

United States Court of Appeals, Eighth Circuit.

June 30, 1971.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

John Blake, pro se.

Robert G. Renner, U. S. Atty., and Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., on brief for appellee.

Before GIBSON, and ROSS, Circuit Judges, and EISELE, District Judge.

PER CURIAM.

The petitioner, John Blake, currently an inmate confined at the Federal Correctional Institution at Sandstone, Minnesota, believes that he is being deprived of his federal civil and constitutional rights because prison officials require him to shave and cut his hair. His petition, heretofore filed in the District of Minnesota, sought injunctive relief, claiming a civil and constitutional right to the length, style and growth of his hair and the growing of a beard and moustache to suit his personal desires. The District Court, the Honorable Philip Neville, after holding an evidentiary hearing, denied relief. Blake v. Pryse, 315 F.Supp. 625 (D.Minn.1970). Petitioner appeals.

We think it evident that the regulation in question, however annoying it may be to petitioner personally, does not

deprive him of any federal civil or constitutional right. Absent a deprivation of a constitutional right, the federal courts will not interfere with the administration of the prison system. The courts are not superwardens nor are the courts designed to function as administrative overseers of functions entrusted to the executive branch of government. The petitioner, a sentenced inmate, is under the general supervision and control of the Attorney General of the United States.

An individual upon incarceration loses certain personal freedoms and rights and is under a temporary duty to conform to reasonable institutional regulations. The courts will not interfere with prison regulations and discipline except in exceptional circumstances and those involving cruel and unusual punishment. We find neither here. The trial court's published opinion adequately deals with the issue in this case.

The judgment is affirmed.