**Barry WILLIAMS et al., Plaintiffs,**

v.

**Donald L. BATTON, Assistant Major, Odom Farm, Rt. 1, Box 36, Jackson, North Carolina, Defendant.**

Civ. No. 2951.

United States District Court, E. D. North Carolina, Raleigh Division.

May 3, 1972.

Barry Williams and others, pro se.

Robert Morgan, Atty. Gen. of N. C., by Jacob L. Safron, Asst. Atty. Gen., Raleigh, N. C., for defendant.

Memorandum Opinion and Order

LARKINS, District Judge:

This cause is before the Court in an action for declaratory relief pursuant to the provisions of Title 42, United States Code, Section 1983, known as the Civil Rights Act of 1871. The Plaintiffs seek redress for an alleged deprivation of certain freedoms and rights which they claim are guaranteed to them by the

Constitution of the United States. Specifically, they allege that they have been deprived of rights protected by the 1st, 8th and 14th Amendments to the The Constitution of the United States, in that they have not been allowed to grow "Afro" type hairstyles, and to grow mustaches and goatees by the Defendant in this action. Plaintiffs are all inmates at Odom Prison in Jackson, North Carolina, and the Defendant is the officer in charge at Odom Prison Unit. Defendants deny that the Plaintiffs have been denied any Federally protected right, and move the Court to dismiss the complaint as a matter of law without any hearing. For reasons which shall appear more fully herein, the Court is of the opinion that the Defendant's motion is well taken, and the suit must be dismissed as a matter of law.

*Findings of Fact and Conclusions of Law*

The issue presented for determination in this case is apparently one of novel dimensions for this Court and other District Courts in this District. The Plaintiffs claim that the regulation adopted by the prison authorities in this area discriminates against them in that they are unable to grow their hair to sufficient length to maintain an "Afro" hair cut. This, they say, results in them not being able to practice their religion, (although it is not alleged what religion requires them to wear their hair in such a manner) subjects them to cruel and unusual punishment, and generally deprives them of property without due process of the Law.

The hair regulations within the North Carolina Prison system provides that "inmates are required to keep their hair neatly cut and properly groomed". Furthermore, inmates are required to be clean shaven. The services which are necessary in order to insure that inmates are clean shaven and have haircuts are provided free of charge by inmate barbers. Just what length and how closely shaven the inmate must be is not clear from the pleadings, but it appears that Afro haircuts are too long, and that mustaches and goatees are prohibited.

An "Afro" haircut, to the best of this Court's knowledge, has no precise dictionary definition. Further, there appears to be a lack of any Court Decision which has precisely defined just what an Afro is. Thus, the Court must rely upon its own common knowledge to describe the term. An "Afro" would appear to be a moderately long to long haircut, most commonly worn by Black Americans. It is bushy in appearance, and appears to extend outward from the wearer's head in a symmetrical fashion, often taking the shape of a hemisphere. The resulting hair cut appears to be very thick and dense in nature, and because of the way it stands up away from the wearer's head, often makes the wearer appear to be taller than his actual height.

It is well settled that the Federal Courts will not interfere with prison administration and discipline except in extreme cases. Childs v. Pegelow, 321 F.2d 487 (4th Cir. 1967). The rigid disciplinary problems and limitations which are found in prisons have been compared to that of military authorities. McCloskey v. Maryland, 337 F.2d 72 (4th Cir. 1964). Hair cases, similar to the present case have been before the Courts before, both in the area of Prison restriction of hair length and in the area of military restriction of hair length. In Brown v. Wainwright, 419 F.2d 1376 (5th Cir. 1970), the Court held that absent some evidence of discriminatory application of hair length standards, prison requirements concerning hair length were entirely reasonable both for personal cleanliness and for prison identification reasons. Similarly, in Brooks v. Wainwright, 428 F.2d 652 (5th Cir. 1970), the Court upheld a prison regulation requiring that prisoners be clean

shaven and receive periodic haircuts. The right of military authorities to impose hair length standards has also been upheld. Raderman v. Kaine, 411 F.2d 1102 (2nd Cir. 1969); Gianatasio v. Whyte, 426 F.2d 908 (2nd Cir. 1970).

 These cases are clearly applicable in the present case. There is no allegation that the regulation in question is being arbitrarily applied, or that it was instituted to block the present Plaintiffs from wearing their hair in any particular manner. It is, rather, applied with uniformity throughout the North Carolina Prison System, and it is merely because of the particular nature of the Afro which makes it improper under the regulation. It appears that any other hair style which would require the hair to be long would be similarly prohibited. Furthermore, the interest of the Prison in identification of prisoners, and the personal hygiene of the prisoners cannot be ignored. By allowing inmates to wear their hair any way they saw fit, immediate problems of identification could result when a short haired inmate grew his hair long after being brought into the Prison. Mustaches and goatees would also hamper identification.

In any situation where many men are grouped together in a confined space, there are problems of personal hygiene. Certainly, long hair may add to these problems. This is one of the reasons that military officials have expounded in support of their hair length regulations. As was set forth above, these regulations have withstood attack in the Courts.

Additionally, the very nature of the Afro hair cut renders it a security hazard. It is apparent that it would be relatively easy to hide small knives, razors, and possibly even a small pistol in the recesses of an especially bushy Afro. Afro combs, by themselves, could possibly be used by the wearer as a weapon. With the combs often constructed of metal tines attached to a steel shank with a handle, it is clearly possible that the comb could be turned into a weapon by an over zealous Afro wearer.

The regulation in question is clearly allowable, and the Plaintiffs have not been deprived of any Federally protected rights.

Now therefore, in accordance with the foregoing, it is ordered, that the Defendant's motion to dismiss be, and the same is hereby, allowed.