William J. HOWARD, Jr.

v.

WARDEN, PETERSBURG REFORMATORY.

William B. PRICE

v.

M. R. HOGAN, Warden Federal Reformatory.

Civ. A. Nos. 243–72–R, 39–72–R.

United States District Court, E. D. Virginia, Richmond Division.

Oct. 3, 1972.

---

Eugene P. Suttler, Richmond, Va., for plaintiff Price.

Raymond A. Carpenter, Asst. U. S. Atty., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

These actions, which were consolidated pursuant to order of the Court under date of August 25, 1972, are now before the Court pursuant to motions to dismiss, the plaintiffs having failed to avail themselves of leave to respond to defendant's motion; the matter is now ripe for decision.

The action is one wherein each of the plaintiffs complain of Federal Reformatory regulations which prescribe standards of hair length and facial growth. Plaintiff prisoners subject to these regulations allege that same are violative of their constitutional rights and attempt to invoke the jurisdiction of this Court pursuant to 42 U.S.C. § 1983. The defendant, the Warden of the institution in which each of the plaintiffs is confined, disputes the jurisdiction of the Court to entertain the complaint and further contends that in any event the regulations under attack are constitutionally valid.

The Court concludes that the defendant's contention that the Court is without jurisdiction pursuant to 42 U.S. C. § 1983 is well taken, since that section is not applicable to Federal officers. See Davis v. United States, 439 F.2d 1118 (8th Cir. 1971). That conclusion, however, is not the end of the matter for the Court finds that the matters of which plaintiffs complain state a colorable claim of constitutional deprivation in alleged violation of the First and/or Ninth Amendments to the United States Constitution, and having so concluded, jurisdiction over the matters herein is attained by reason of having arisen under the Constitution. See Title 28 U.S. C.A. § 1331; Bivens v. Six Unknown Named Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); Mossbrook v. Hogan, C.A. No. 441–71–R (E.D.Va.1971); Ellis v. Warden's Office, C.A. No. 390–72–R, Mem. decis. (E.D.Va. 9/13/72).

The issue as to the justiciability of the question is fully discussed in an opinion of Judge Winter of this Circuit in Massie et al. v. Henry, 455 F.2d 779 (1972), a case which, while arising within the context of school regulations,

firmly establishes that the right to select the length of one's hair is indeed a personal freedom protected by the Constitution falling within the penumbras of, in some instances, the First Amendment, or within the rights guaranteed by the Ninth Amendment, as well as within the Equal Protection Clause of the Fourteenth Amendment. These rights are permissibly limited only upon a showing of substantial countervailing governmental interest. Like the *Massie* case, *supra,* the instant complaints do not give rise to a conclusion that the plaintiffs' desire to wear their hair in a particular length as a form of symbolic speech, which might well be entitled to the protection of the First Amendment. The complaints indicate that theirs are matters of personal preference, hence while no First Amendment issue arises, there are still other constitutional issues involved.

The teachings of *Massie* require the Court to weigh the competing interests asserted. In so weighing these interests it must be borne in mind that to a great extent the personal freedoms of the plaintiffs have, by the very nature of their incarceration, been greatly curtailed. These plaintiffs are subjected to close supervision of their persons and ready identification of them is required in the maintenance of a penal institution. The United States Supreme Court in United States v. O'Brien, 391 U.S. 367, at 376, 88 S.Ct. 1673, at 1679, 20 L.Ed.2d 672 (1967), enumerated the characterizations given by the Court as to the quality of the governmental interest which must appear in any limitation of what was in that case a First Amendment issue as "compelling; substantial; subordinating; paramount; cogent; strong." Mr. Chief Justice Warren,

writing for the Court, concluded as follows:

Whatever imprecision inheres in these terms, we think it clear that a government regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.

■■ In applying the test suggested by *O'Brien* in relationship to the named plaintiffs' personal freedom as evidenced by their right to select the length of their hair and the growing of beards and mustaches, the Court has little difficulty in concluding that the regulations complained of fall well within the *O'Brien* requirements. The purpose of the regulations is to foster orderly prison administration. The right of the prison authorities to promulgate regulations necessary and proper to that end is broad. It follows that the orderly administration of prisons requires great care to the end that the individual inmates may be readily identified and the opportunity to conceal contraband be held to the absolute minimum. The complained of regulations are directed to these ends and if as a result thereof plaintiffs are inhibited in the exercise of certain constitutional rights, such hindrance is but merely incidental to the purpose of the regulations. See Brown v. Wainwright, 419 F.2d 1376 (5th Cir., 1970); Brooks v. Wainwright, 428 F.2d 652 (5th Cir. 1970); Blake v. Pryse, 444 F.2d 218 (8th Cir. 1971).

Having so concluded the complaints will be dismissed.