Larry E. BROWN

v.

James R. SCHLESINGER et al.

Civ. A. No. 73–349–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 30, 1973.

Murray J. Janus, Denis C. Englisby, Bremner, Byrne & Baber, Richmond, Va., for plaintiff.

Raymond A. Carpenter, Asst. U. S. Atty., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, a member of the Air Force reserve, brings this action against his immediate commanding officer and various other Air Force command personnel. In it he challenges the constitutionality of certain Air Force Grooming regulations governing the wearing of wigs by on duty personnel and seeks an order enjoining the enforcement of those regulations against him.

## I. JURISDICTION

Plaintiff alleges several bases for this Court's jurisdiction over his claim. Defendant has challenged the Court's jurisdiction generally. The Court is convinced, however, that it does have jurisdiction over the controversy.

First, jurisdiction is attained by virtue of 28 U.S.C. § 1331. Plaintiff's claim clearly involves a federal question. The essence of his complaint is a challenge to the Air .Force regulation governing the wearing of wigs by its personnel. Plaintiff challenges the regulation on the ground that it violates his constitutional rights, including his right to equal protection of law.

The evidence adduced has also shown that, absent a protective order by the Court, his continued refusal to comply with the challenged regulation would likely result, ultimately, in his induction into active service for a period of 24 months. He has shown further that, if activated, the difference between his civilian pay and the Air Force salary, including allowances he would then be receiving, would exceed $10,000.00 over the 24 month period. The Court therefore concludes that the amount in controversy, exclusive of interest and costs, exceeds the $10,000.00 required under 28 U.S.C. § 1331.

The Court is additionally satisfied that it has jurisdiction pursuant to 28 U.S.C. § 1361. While mandamus relief was traditionally confined to ministerial duties, the United States Court of Appeals for the Fourth Circuit in Burnett v. Tolson, 474 F.2d 877 (1973), made clear that suits by those who seek performance of constitutional duties owed them by defendants who have a clear duty to perform said duties and where no other relief is available, are within the scope of 28 U.S.C. § 1361. The present plaintiff bases his claim upon an asserted constitutional right and denial thereof by defendants. As Judge McMillan stated in a similar context in Garmon v. Warner, 358 F.Supp.

206 (W.D.N.C.1973), "Plaintiffs do not ask the courts to require the various defendants to perform a discretionary act; rather they ask that the defendants be required to recognize a constitutional right of the plaintiffs which the defendants threaten to disregard." The Court of Appeals also stated in *Burnett* that "mandamus jurisdiction under 28 U.S.C. § 1361 permits flexibility in remedy," so that the injunctive and declaratory relief sought here is not inconsistent with this jurisdictional basis.[1]

## II. RIPENESS

Defendants contend that this matter is not ripe for determination, since plaintiff has not, thus far, been refused attendance at Air Force reserve drills or other training exercises and has not, thus far, been designated as absent without excuse from such drills and exercises for wearing a short hair wig. In short, defendants contend that plaintiff must show that he has already been prejudiced by his refusal to comply with the regulation in question before he can maintain an action challenging the constitutional validity of that regulation. The Court disagrees.

▮▮▮ The parties have stipulated that plaintiff's natural hair is presently longer than permitted under the appearance standards found in Air Force Manual 35–10(1–12)(a)(2). It has been plaintiff's past practice to conform to those appearance standards, while on duty, by wearing a short hair wig which, in turn, is in violation of the challenged regulation. While no action has been taken against plaintiff for his past violations of the wig policy; he has been informed by his superior officers that any future attempts to comply with the appearance standards by wearing a short hair wig will result in his being designated absent without excuse from any reserve drills and training exercises he would attempt to attend, and that these absences would likely result in his induction into active service. The Court is satisfied, under these circumstances, that the issues are presented in a sufficiently concrete factual context so as to avoid the type of abstract decision making prohibited under Article III of the United States Constitution. See Abbott Laboratories v. Gardner, 387 U.S. 136, 148–149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). The Court is further satisfied that the threat to plaintiff's ultimate induction into active service for his refusal to comply with the challenged regulation is sufficiently present and is of sufficient gravity to justify the granting of equitable prospective relief by this Court. See Abbott Laboratories v. Gardner, 387 U.S. 136, 148–149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). Plaintiff should not be required to engage in further violations of the regulation under attack before he would have standing to challenge its validity, where the threatened results flowing from such violations, if the regulation were later determined to be valid, would be so totally disruptive of his life. *Cf.* Ex parte Young, 209 U.S. 123, 165, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

1. Plaintiff also urges erroneously that the Court has jurisdiction by virtue of the Tucker Act, 28 U.S.C. § 1346(a)(2). This section does not provide jurisdiction for suits such as the instant one which seek equitable relief only. See United States v. Jones, 131 U.S. 1, 9 S.Ct. 669, 33 L.Ed. 90 (1889); R. E. D. M. Corp. v. Lo Secco, 291 F.Supp. 53 (S.D.N.Y.1968), aff'd, 412 F.2d 303 (2d Cir. 1969). Plaintiff also urges 42 U.S.C. § 1983 coupled with 28 U.S.C. § 1343(3) as a jurisdictional basis. Sections 1983 and 1343 do not apply, however, with respect to official action by agents of the federal government. Finally, plaintiff asserts §§ 702–704 of the Administrative Procedures Act [5 U.S.C. §§ 702–704] as a jurisdictional basis for this action. However, as plaintiff has failed to show that he has exhausted his military remedies, the Court is not satisfied that the suit is maintainable under those sections. See Beard v. Stahr, 370 U.S. 41, 82 S.Ct. 1105, 8 L.Ed.2d 321 (1962); Anderson v. MacKenzie, 306 F.2d 248 (9th Cir. 1962).

## III. FINDINGS OF FACT

Based on the evidence presented, the Court finds the following facts:

The regulation found in Air Force Manual 35–10(1–12)(a)(2) provides:

(2) Hair. Hair will be neat, clean, trimmed, and present a groomed appearance. Hair will not touch the ears or the collar except the closely cut hair on the back of the neck. It will present a tapered appearance. Hair in front will be groomed so that it does not fall below the eyebrows and will not protrude below the band of properly worn headgear. In no case will the bulk or length of the hair interfere with the proper wear of any Air Force headgear. The acceptability of a member's hair style will be based upon the criteria in this paragraph and not upon the style in which he chooses to wear his hair.

The regulation found in Air Force Manual 35–10(1–12)(a)(6) provides:

(6) Wigs. Wigs or hair pieces will not be worn while on duty or in uniform except for cosmetic reasons to cover natural baldness or physical disfiguration. If under these conditions a wig or hair piece is worn, it will conform to Air Force standards.

But for this latter regulation, restricting the wearing of wigs, Air Force personnel, such as plaintiff, with hair longer than permitted under the uniform standards found in Air Force Manual 35–10(1–12)(a)(2) would be able to comply with those uniform standards of appearance, while on duty, by wearing short hair wigs.

The damage plaintiff is threatened with for noncompliance with the Air Force wig regulation is that he would receive unexcused absences from any mandatory training exercises he attempted to attend while wearing a short hair wig. Under the prevailing Air Force practice such unexcused absences would likely result in his call to active service. Plaintiff has in fact been informed that his failure to comply with the wig regulation followed by an unexcused absence arising therefrom would result also in a recommendation by his superior officers that he be activated for a period of 24 months. Plaintiff has shown that such activation would cause him a net loss of income in excess of $10,000. In addition, plaintiff would suffer a disruption in his life, and other damages, not subject to pecuniary evaluation.

Plaintiff's natural hair is presently longer than permitted under the above regulation. He has, however, while on duty, sought to comply with the regulation by wearing a short hair wig which conforms to the appearance standards set forth therein.

Plaintiff, who voluntarily enlisted in the Virginia Air National Guard, agreed at the time of his enlistment to abide by all dress and appearance standards as set forth in the Air Force regulations, has no physical disfiguration giving rise to a need to wear a wig for cosmetic reasons.

## IV. CONCLUSIONS OF LAW

The issue presented is not complex. Plaintiff does not seek a declaration that the Air Force may not limit the outward appearance of its reservists. Nor does the Air Force seriously contend that the wearing of wigs *per se* interferes with military duty, as the wig regulation with respect to bald headed personnel and those with physical disfigurations makes clear that wigs generally are not considered in conflict with the demands of military service.

A reading of the Air Force regulation governing the length and grooming of hair, Air Force Manual 35–10(1–12)(a)(2), leads to the inescapable conclusion that it is merely an appearance regulation. The defendants do not contend the contrary. Therefore, assuming *arguendo* the invalidity of the wig regulation under attack, Air Force Manual 35–10(1–12)(a)(6), the length of plaintiff's natural hair would not serve as an independent basis for disciplinary action under the hair grooming regulation, Air Force Manual 35–10(1–12)(a)(2),

where, as here, plaintiff is able to meet the appearance standards set forth therein by wearing a short hair wig. Rather, the issue is whether the distinction made between wigs for bald headed men and men with physical disfigurations, on the one hand, and short hair wigs for men with natural long hair, on the other hand, is constitutional.

■ The United States Court of Appeals for the Fourth Circuit has ruled that freedom of grooming is protected by the Constitution. Massie v. Henry, 455 F.2d 779 (4th Cir. 1972). That right, in some instances, falls within the penumbra of the First Amendment, i. e., when the selected hair length constitutes symbolic speech, or in other instances with the rights guaranteed by the Ninth Amendment, i. e., where hair length, as a matter of personal preference, is protected under the right of privacy. See Massie, supra; Howard v. Warden, 348 F.Supp. 1204 (E.D.Va.1972); Pierce v. Lewis, No. 196–72–R (E.D.Va., Apr. 12, 1973). The instant claims appear to be founded in the right to privacy.

It must be recognized that the rights heretofore referred to which are the subject of the instant controversy, may be curtailed if, upon a weighing of competing interests, the Court concludes that the defendant upon whom the burden is placed establishes the necessity of infringing upon plaintiff's freedom. Massie, supra, 455 F.2d at 783; Pierce v. Lewis, supra.

Military men have historically been subject to curtailment of freedoms, as appropriately justified for military reasons. Said curtailment when so justified is not unconstitutional. See, e. g., Orloff v. Willoughby, 345 U.S. 83, 73 S. Ct. 534, 97 L.Ed. 842 (1953); Raderman v. Kaine, 411 F.2d 1102 (2d Cir. 1969). However, because certain rights may potentially be curtailed, this fact does not lend itself to a conclusion that such rights do not exist in the absence of curtailment; to the contrary, there is a well recognized presumption against waiver of constitutional rights. See, generally, Johnson v. Zerbst, 304 U.S.

458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Accordingly, so long as the military chooses to recognize and not curtail the rights of certain of its personnel it cannot arbitrarily curtail the same rights of other personnel. Policies of that nature, which are prohibited by the Equal Protection Clause of the Fourteenth Amendment as applied to the states, are violative of the Due Process Clause of the Fifth Amendment as applied to the federal government. Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

■ Defendants have offered no satisfactory explanation as to the justification for curtailing the grooming rights of those who wish to wear short hair wigs and not the rights of those who wish to wear wigs for cosmetic purposes. That policy, therefore, falls short of the test of justification stated in Massie, supra, there being no showing of necessity or reason for infringing upon the rights of plaintiff.

Defendants have sought to characterize this policy as purely discretionary acts of the United States Air Force, which must not be interfered with by this Court. Defendants do not, nor indeed could they, seriously argue that said discretionary acts need not be bounded by the Constitution; for it is well settled, fortunately, that the military is not immune to the provisions of that great document. See Burnett v. Tolson, supra; Bluth v. Laird, 435 F.2d 1065 (4th Cir. 1970); O'Mara v. Zebrowski, 447 F.2d 1085 (3d Cir. 1971).

■ Defendants do contend that military necessity justifies enforcement of the challenged wig policy against plaintiff by his reserve unit commander. The essence of this contention, while bordering on the chimerical, is that plaintiff's military assignment requires that he perform his duties at Langley Air Force Base, an active base, and that security personnel there will not permit him on the base while he is in violation of the announced wig policy. Defendants further contend that plaintiff is an integral member of the group providing

computer services at Langley and that replacing him in that group would be difficult at best. However, the problem posed by defendants is, as heretofore suggested, groundless. It is sufficient to point out that the security personnel at Langley are subject to control by certain of the named defendants in this action. The solution, therefore, of any such problem is completely in the hands of those defendants and warrants no further discussion.

For the reasons stated, the Court concludes that the Air Force wig regulation as found in Air Force Manual 35–10(1–12)(a)(6) is unconstitutional.

 Finally, defendants contend that plaintiff is contractually bound to comply with the Air Force wig regulation by virtue of his agreement, at the time of his enlistment, to comply with all dress and appearance standards as set forth by Air Force regulations. While it is not clear that the defendants intend to go so far as to assert that plaintiff has thereby contracted away his right to equal protection, suffice it to say that it was the reasonable contemplation of the parties, in entering the agreement, that it would cover only those regulations which were otherwise validly instituted by the Air Force. The Court's finding of unconstitutionality with respect to the regulation in question removes it from coverage of the agreement.[2]

 Beyond that, the Court would note that it has serious doubts as to the enforceability of any agreement between a citizen and his government whereby the former would be found to have effectively contracted away his constitutional right to equal protection by the latter, and to have thereby altered the basic relationship which the framers of the Constitution have established between the parties. The Court would be inclined to view any such attempted agreement as contrary to public policy.

## V. RELIEF

The Court considers the appropriate relief in this case to be an order enjoining defendants, their officers, agents, servants and successors from enforcing the discriminatory regulation found in Air Force Manual 35–10(1–12)(a)(6) against plaintiff in any manner. To further clarify matters, defendants will be enjoined from prohibiting plaintiff from attending Air Force reserve drills and training exercises or from designating plaintiff as absent without excuse from such drills and exercises on account of his wearing a short hair wig which conforms to the uniform standards for hair length and grooming as found in Air Force Manual 35–10(1–12)(a)(2).

An appropriate order shall issue.

---

2. The Court's construction of the agreement, to the effect that it contemplated coverage only of valid regulations, is supported by the presumption against waiver of constitutional rights. See Miranda v. Arizona, 384 U.S. 436, 475, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Johnson v. Zerbst, 304 U.S. 458, 464–465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). The burden is on the government to establish that any claimed waiver of constitutional rights was based on full knowledge of the existence and nature of those rights.