**Wilbert Eugene PROFFITT, Appellant,**

v.

**Dr. P. J. CICCONE, Appellee.**

**Nos. 74–1161, 74–1249.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 18, 1974.

Decided Nov. 15, 1974.

Rehearing and Rehearing En Banc
Denied Dec. 3, 1974.

Wilbert Eugene Proffitt, pro se.

Bert C. Hurn, U. S. Atty., Frederick O. Griffin, Jr., and Anthony P. Nugent, Jr., Asst. U. S. Attys., Springfield, Mo., on brief for appellee.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

LAY, Circuit Judge.

This is one of three cases decided this date involving the use of the writ of habeas corpus by a federal prisoner challenging conditions of his confinement. The petitioner seeks a remand to the district court because of the unauthorized procedures followed by that court in referring his petitions to a magistrate for an evidentiary hearing and subsequently adopting the magistrate's findings as its own. *See* Wingo v. Wedding, 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d

879 (1974). For the reasons set forth in Willis v. Ciccone, 506 F.2d 1011, also filed this date, we find no necessity for remand and affirm the district court's denial of relief.

In two separate proceedings, consolidated here for purposes of appeal, the petitioner seeks injunctive relief against (1) enforcement of prison hair regulations which allegedly infringe upon his First Amendment rights relating to religious beliefs, and (2) the denial of procedural due process in a prison disciplinary proceeding which resulted in four days of punitive isolation.

■ Proffitt's first claim is that prison regulations which require him to cut his long hair force him to violate a religious vow he has taken. This allegation states a prima facie claim for relief. Prison authorities may not unreasonably interfere with the exercise of one's religious beliefs. *See* Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L. Ed.2d 1030 (1966); Evans v. Ciccone, 377 F.2d 4 (8th Cir. 1967). Since the prison authorities admit the existence of the regulations requiring petitioner to cut his hair, however, no factual dispute exists and the question presented is one of law. No evidentiary hearing was necessary to review this claim and thus no remand is required.

■■ Although the law acknowledges a prisoner's "forum of conscience" deserving of protection, Remmers v. Brewer, 494 F.2d 1277 (8th Cir. 1974), it also recognizes that a person, in or out of prison, may not, in the name of religion, become a law unto himself. As we said in Evans v. Ciccone, *supra*: "Freedom of religion can never mean . . . freedom to flagrantly disre-

gard reasonable rules of conduct in or out of prison." 377 F.2d at 6.

In the past this court has upheld prison regulations imposing reasonable grooming requirements on prisoners. Rinehart v. Brewer, 491 F.2d 705 (8th Cir. 1974) (Lay, J., dissenting). *See also* Blake v. Pryse, 444 F.2d 218, 219 (8th Cir. 1971). Until a majority of this court may disagree, the *Rinehart* case is the law of this circuit. Prison grooming regulations have withstood challenges under the First Amendment in other circuits as well. *See, e. g.,* Brooks v. Wainwright, 428 F.2d 652 (5th Cir. 1970).

■ Petitioner's second complaint focuses on disciplinary action taken against him for being found "out of bounds." It resulted in a loss of good time. He alleges he was denied procedural due process in his hearing before the disciplinary committee. Although the specific requirements of due process set forth in Wolff v. McDonnell, 418 U. S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), are not retroactive, we have held that a prisoner's loss of good time in cases pending at the time of *Wolff* must nevertheless have a factual basis and good time cannot be deprived without some showing of notice and a fair hearing on the prison administrative level. The testimony of prison officials before the magistrate shows this occurred here.[1] Although the procedures followed did not conform with the requirements of *Wolff*, in our judgment they provided sufficient procedural safeguards to avoid constitutional challenge. The district court so found and the record supports this finding.

Judgment affirmed.

---

1. This evidence could have been submitted by written affidavit. We treat the sworn testimony before the magistrate as an oral affidavit for purposes of our determination.