No. 78–6067. GOULDEN *v.* OLIVER ET AL.   C. A. 5th Cir. Certiorari denied.

MR. JUSTICE BLACKMUN, with whom MR. JUSTICE BRENNAN joins, dissenting.

Petitioner Dudley Dee Goulden asserts that he is an Orthodox Jew, and that the Alabama prison authorities have forced him to shave and cut his hair, which is contrary to his religious beliefs. He filed this suit under 42 U. S. C. § 1983 alleging that the prison's grooming regulations violated his rights under the First and Fourteenth Amendments. The District Court dismissed his complaint, reasoning that the prison regulations promoted cleanliness and personal identification and that those valid objectives outweighed any religious freedom petitioner was entitled to enjoy under the Constitution. By a single-judge order and without opinion, the United States Court of Appeals for the Fifth Circuit denied petitioner's *pro se* application for leave to appeal *in forma pauperis*. To support these rulings, respondents rely on *Brooks* v. *Wainwright,* 428 F. 2d 652 (CA5 1970), which upheld the dismissal of a somewhat similar complaint.[1]   See also *Brown* v. *Wainwright,* 419 F. 2d 1376 (CA5 1970).

In *Cruz* v. *Beto,* 405 U. S. 319 (1972), this Court held that a complaint that challenged restrictions on an inmate's practice of Buddhism stated a claim upon which relief could be granted. Ruling that "reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments without fear of penalty," *id.,* at 322 n. 2, the Court remanded the case for a hearing on the merits. See also *Cooper* v. *Pate,* 378 U. S. 546 (1964).

---

[1] The District Court cited three decisions involving personal lifestyle claims. *Hill* v. *Estelle,* 537 F. 2d 214 (CA5 1976); *Rinehart* v. *Brewer,* 491 F. 2d 705 (CA8 1974); *Daugherty* v. *Reagan,* 446 F. 2d 75 (CA9 1971). None of these, however, dealt with religious rights under the Free Exercise Clause. *Hill* did discuss *Brooks.*

Whatever validity the Fifth Circuit's *Brooks* rule may once have had, it has been severely undercut by *Cruz* and the subsequent cases that have reaffirmed the principle that prison regulations are subject to constitutional scrutiny. See *Jones v. North Carolina Prisoners' Union,* 433 U. S. 119 (1977); *Bounds v. Smith,* 430 U. S. 817 (1977); *Procunier v. Martinez,* 416 U. S. 396 (1974). Citing *Cruz* and *Martinez,* the Second Circuit has rejected *Brooks* and held that a prisoner challenging prison grooming regulations on free exercise grounds is entitled to a hearing on the reasonableness of the prison's regulations. *Burgin v. Henderson,* 536 F. 2d 501, 504, and n. 8 (1976). Accord: *Jihaad v. Carlson,* 410 F. Supp. 1132, 1134 (ED Mich. 1976); *Wright v. Raines,* 1 Kan. App. 2d 494, 500–501, 571 P. 2d 26, 31–32 (1977), cert. denied, 435 U. S. 933 (1978). Similarly, the Eighth Circuit has rejected the contention that such regulations are valid as a matter of law, and has affirmed a decision finding violative of the Free Exercise Clause an Iowa rule that prevented an American Indian prisoner from wearing long braided hair. *Teterud v. Burns,* 522 F. 2d 357, 362 (1975) (rejecting language in *Proffitt v. Ciccone,* 506 F. 2d 1020 (CA8 1974)). Other courts have upheld similar free exercise claims. See *Wright v. Raines,* 457 F. Supp. 1082 (Kan. 1978); *Moskowitz v. Wilkinson,* 432 F. Supp. 947 (Conn. 1977) (Orthodox Jew); *Monroe v. Bombard,* 422 F. Supp. 211, 217–218 (SDNY 1976); *Maguire v. Wilkinson,* 405 F. Supp. 637 (Conn. 1975).

While a decision based on evidentiary proof may well result in a finding that petitioner's religious beliefs are not sincere,[2] or that the State's interests are sufficient to justify the restriction imposed on petitioner's professed religious practice, I am

---

[2] Respondents, citing two suits in which other allegations made by petitioner proved untrue, contend that the District Court could have dismissed the complaint as an abuse of process. Respondents, however, do not challenge the facts as stated by petitioner, and do not contend that the question presented has been previously litigated. The District Court's opinion rejects petitioner's claim on the merits and does not question his good faith.

not yet prepared to say that there is no set of facts that would entitle him to relief. I would permit petitioner to proceed *in forma pauperis,* grant the petition, vacate the order of the Court of Appeals, and remand the case with instructions to allow petitioner an adjudication on the merits of his complaint.