604 F.2d 605
 102 L.R.R.M. (BNA) 2484, 86 Lab.Cas. P 11,536
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
and
Hotel-Motel-Restaurant Employees & Bartenders Union Local
86, Hotel& Restaurant Employees & Bartenders
International Union, AFL-CIO, Intervenor,
v.
CARDA HOTELS, INC., d/b/a Holiday Hotel & Casino, Respondent.
 No. 77-2312.
 United States Court of Appeals,
Ninth Circuit.
 Aug. 24, 1979.
Rehearing Denied Oct. 1, 1979.
 
 Eric G. Moskowitz, Washington, D. C., for petitioner.
 William W. Wertz, Severson, Werson, Berke & Melchior, San Francisco, Cal., for respondent.
 An Application for Enforcement of an Order of the National Labor Relations Board.
 Before ELY and GOODWIN, Circuit Judges, and EAST,* District Judge.
 PER CURIAM:
 
 
 1
 Pursuant to 29 U.S.C. § 160(c), the National Labor Relations Board has petitioned for enforcement of its Order against respondent, Carda Hotels, Inc. The Hotel-Motel-Restaurant Employees & Bartenders Union, Local 86, has intervened in favor of enforcement. The Board's Decision and Order, finding employer violations of sections 8(a)(1) and 8(a)(5) of the National Labor Relations Act,[1] is reported at 228 N.L.R.B. No. 108 (1977). The Board's Order must be enforced.
 
 
 2
 The central issues raised by this appeal have recently been squarely addressed and resolved. See N.L.R.B. v. Tahoe Nugget, Inc., 584 F.2d 293 (9th Cir.), Cert. denied, --- U.S. ----, 99 S.Ct. 2847, 61 L.Ed.2d 290 (1979); Sahara-Tahoe Corp. v. N.L.R.B., 581 F.2d 767 (9th Cir.), Cert. denied, --- U.S. ----, 99 S.Ct. 2837, 61 L.Ed.2d 284 (1979). The current case and both of the cited cases arose from the same factual setting. Our two prior decisions very clearly hold that the Union enjoyed a presumption of majority support arising from voluntary recognition of the Union and that the presumption survived the employers' withdrawal from a multi-employer bargaining unit in 1974. Tahoe Nugget, supra, 584 F.2d at 302-04; Sahara-Tahoe, supra, 581 F.2d at 771. Both cases also rejected the employers' claims that they had established a good faith reasonable doubt that the Union lacked majority status at the time the companies refused to bargain. Tahoe Nugget, supra, 584 F.2d at 305-08; Sahara-Tahoe, supra, 581 F.2d at 771-72. Relying upon clearly applicable precedent, we reject the respondent's arguments, arguments that essentially mirror those previously advanced by the employers in Tahoe Nugget and Sahara-Tahoe.
 
 
 3
 Other issues herein presented are without merit.
 
 The Board's Order will be
 
 4
 ENFORCED.
 
 
 
 *
 The Honorable William G. East, Senior United States District Judge, District of Oregon, sitting by designation
 
 
 [1]
 29 U.S.C. §§ 158(a)(1) and 158(a)(5)