604 F.2d 606
 102 L.R.R.M. (BNA) 2160, 86 Lab.Cas. P 11,537
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
and
Hotel-Motel-Restaurant Employees & Bartenders Union, Local
86, Hotel& Restaurant Employees & Bartenders
International Union AFL-CIO, Intervenor,
v.
SIERRA DEVELOPMENT COMPANY d/b/a Club Cal-Neva, Respondent.
 No. 77-3948.
 United States Court of Appeals,
Ninth Circuit.
 Aug. 24, 1979.
Rehearing Denied Oct. 1, 1979.
 
 Elliott Moore, Washington, D. C., submitted briefs for petitioner.
 William W. Wertz, Severson, Werson, Berke & Melchior, San Francisco, Cal., submitted briefs for respondent.
 On Application for Enforcement of an Order of the National Labor Relations Board.
 Before ELY and GOODWIN, Circuit Judges, and EAST,* District Judge.
 PER CURIAM:
 
 
 1
 The National Labor Relations Board petitions for enforcement of its Order against respondent, Sierra Development Company. 29 U.S.C. § 160(c). The Hotel-Motel-Restaurant Employees & Bartenders Union, Local 86, has intervened in favor of enforcement. The Board's Decision and Order, reported at 231 N.L.R.B. No. 5 (1977), found employer violations of sections 8(a)(1) and 8(a) (5) of the National Labor Relations Act. 29 U.S.C. §§ 158(a)(1) and 158(a)(5). We have concluded that the Board's Order should be enforced.
 
 
 2
 The main issues raised by this appeal have recently been squarely addressed and resolved. See N.L.R.B. v. Tahoe Nugget, Inc., 584 F.2d 293 (9th Cir.), Cert. denied, --- U.S. ----, 99 S.Ct. 2847, 61 L.Ed.2d 290 (1979); Sahara-Tahoe Corp. v. N.L.R.B., 581 F.2d 767 (9th Cir.), Cert. denied, --- U.S. ----, 99 S.Ct. 2837, 61 L.Ed.2d 284 (1979). See also N.L.R.B. v. Carda Hotels, Inc., 604 F.2d 605 (9th Cir. 1979). The present Petition and the cited cases all arose from the same general factual setting. Our court plainly held that the Union enjoyed a presumption of majority support arising from voluntary recognition of the Union and that the presumption survived the employers' withdrawal from a multi-employer bargaining unit in 1974. Tahoe Nugget, supra, 584 F.2d at 302-04; Sahara-Tahoe, supra, 581 F.2d at 771. Additionally, our decisions rejected the employers' claims that they had established a good faith reasonable doubt that the Union lacked majority status at the time the companies refused to bargain. Tahoe Nugget, supra, 584 F.2d at 305-08; Sahara-Tahoe, supra, 581 F.2d at 771-72. Thus, we also here reject the respondent's arguments that track those previously advanced by the employers in Tahoe Nugget and Sahara-Tahoe.
 
 
 3
 We have considered the other issues raised herein, but conclude that they have no merit.
 
 The Board's Order will be
 
 4
 ENFORCED.
 
 
 
 *
 Honorable William G. East, Senior United States District Judge, District of Oregon, sitting by designation