494 F.2d 1277
 Michael D. REMMERS, Ordained Revelation Minister in the
Church of the New Song and Coadjutor of Local Purlieu
T.R.U.T.H., and Robert Loney, Ordained Revelation Minister
in the Church of the New Song and Special Envoy to the
Bishop of Tellus, Appellees,
v.
Lou V. BREWER, Warden at Iowa State Penitentiary, et al., Appellants.
 Nos. 73-1518, 73-1599.
 United States Court of Appeals, Eighth Circuit.
 Submitted Feb. 14, 1974.
Decided April 16, 1974.
 
 Robert N. Clinton, University of Iowa, Iowa City, Iowa, for appellees.
 Thomas R. Hronek, Asst. Atty. Gen., Des Moines, Iowa, for appellants.
 Before GIBSON, STEPHENSON and WEBSTER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Brewer, Warden at the Iowa State Penitentiary, et al., appeal from a decision and order of the district court holding that the Church of the New Song is a religion within the ambit of the First Amendment and ordering that officials of the penitentiary shall grant to the members thereof the right to exercise their religion equally with other religions. Michael D. Remmers, et al., cross appeal from that portion of the district court's decision refusing to restrict the activities of the chaplains in the parole process. The decision and order of the district court is reported at 361 F.Supp. 537 (S.D.Iowa 1973). We affirm.
 
 Appeal
 
 2
 Appellants in substance contend (1) The Church of the New Song is not a religion; (2) appellees' religious beliefs are not sincerely held; (3) even if the court should find that the Church of the New Song is a religion subject to the guarantee of the Free Exercise Clause, the court should further find that opportunity for Free Exercise exists at the Iowa State Penitentiary.
 
 
 3
 After careful consideration of the entire record we are satisfied that the district court's judgment that The Church of the New Song is a religion within the ambit of the First Amendment is based on findings that are not clearly erroneous and that no error of law appears. Further there is insufficient evidence in this record to establish appellants' contention that appellees' beliefs are not sincere and genuinely felt.[1] It also appears that appellees have not been allowed a fair and meaningful opportunity to freely exercise their religion in the same degree as other inmates, Protestant and Catholic. The district court's order requiring that this situation be corrected is affirmed.
 
 Cross Appeal
 
 4
 Remmers, et al., contend that the prison chaplains' involvement in the parole decision making process implicitly encourages inmates to participate in religious activities and thereby has the primary effect of aiding religion. It is urged that the present system has the effect of advancing the Christian religion and inhibiting non-christian religions and thereby violates the Establishment Clause.
 
 
 5
 The district court found that 'The involvement of the chaplains in the parole process at Fort Madison is neither direct nor substantial'; the mere fact that chaplains are allowed to submit oral or written reports or letters to the Diagnostic Committee[2] or serve thereon was insufficient in itself to establish a violation of the First Amendment.
 
 
 6
 The record discloses that the sevenmember Review Committee meets in groups of three when interviewing prospective parolees. The reports prepared by the chaplains to the committee were not shown to have dealt solely or primarily with religious activities or the lack thereof. There was no showing that religion was being favored in the parole process.
 
 
 7
 We recognize that this is a sensitive area. Great care must be exercised to avoid even the appearance of reliance on 'religious reports' as determinative of one's status for parole eligibility. The trial court probed this area very carefully, supplementing counsel's questioning of witnesses.
 
 
 8
 After reviewing this record we conclude the trial court did not err in determining that the involvement of the chaplains in the parole process at the penitentiary had not been shown to be improper or a violation of the Establishment Clause.
 
 
 9
 Affirmed.
 
 
 
 [1]
 As the trial court noted, should it subsequently appear that the Church of the New Song is a hoax and front, as claimed by the state, that eventually can be dealt with by both the prison administration and the court
 
 
 [2]
 Prison officials testified that the committee is more properly termed the Classification and Review Committee. It has numerous duties which include evaluating the information compiled by a counselor upon the reception of an inmate; determining proper goals and setting security classification and limitations for the inmates after the counselor has made a recommendation on treatment needs; transfer recommendations; reclassifications and recommendation for work release or parole consideration. In general the inmates' counselor (not a chaplain) compiles the information which is presented to the committee. Chaplains' reports are a part of the material submitted to the committee