Michael D. REMMERS, Ordained Revelation Minister in the Church of the New Song and Coadjutor of Local Purlieu T.R.U.T.H., et al., Appellants,

v.

Lou V. BREWER, Warden at Iowa State Penitentiary, et al., Appellees.

Michael D. REMMERS, Ordained Revelation Minister in the Church of the New Song, and Coadjutor of Local Purlieu T.R.U.T.H., et al., Appellees,

v.

Lou V. BREWER, Warden of the Iowa State Penitentiary, et al., Appellants.

Nos. 75-1284 and 75-1638.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1976.

Decided Feb. 12, 1976.

---

Appellees' brief in No. 75–1284 and appellants' brief in No. 75–1638 was filed by Richard C. Turner, Atty. Gen., of Iowa, Lorna Lawhead Williams, Sp. Asst. Atty. Gen., and Michael P. Murphy, Asst. Atty. Gen., Des Moines, Iowa.

Appellees' brief in No. 75–1638 and appellants' brief in No. 75–1284 was filed by Gary L. Anderson, Robert N. Clinton, Charles Pulaski, Jr., and John Thompson, University of Iowa, College of Law, Iowa City, Iowa.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

HEANEY, Circuit Judge.

On April 16, 1974, we held in *Remmers v. Brewer*, 494 F.2d 1277 (8th Cir.) (per curiam), *cert. denied*, 419 U.S. 1012, 95 S.Ct. 332, 42 L.Ed.2d 286 (1974), that "The Church of the New Song is a religion within the ambit of the First Amendment" and that its members must be "allowed a fair and meaningful opportunity to freely exercise their religion in the same degree as other inmates, Protestant and Catholic." We also held that "should it subsequently appear that the Church of the New Song is a hoax and front, as claimed by the state, that eventually it can be dealt with by both the prison administration and the court."

On September 3, 1974, two[1] members of the Church of the New Song, who were incarcerated in the Iowa State Penitentiary, filed with the United States District Court for the Southern District of Iowa a petition to show cause why the state prison officials should not be punished for contempt. They alleged that the prison officials failed to accord "members of the Church of the New Song confined in Cellhouse 20 or the prison hospital[2] equal access to ministers

---

1. On September 6, 1974, the petition of two other inmates of the Iowa State Penitentiary that challenged the same prison policies was consolidated into this litigation.

2. Cellhouse 20 is a maximum security unit. There is no dispute that the prison officials have provided the members of the Church of the New Song in the general prison population the same opportunity for religious counseling as is provided by the Protestant and Catholic chaplains on the prison staff.

of their faith as members of other faiths, particularly members of the Catholic and Protestant faiths, are permitted." [3] On April 16, 1975, and May 12, 1975, the State of Iowa filed a motion and an amendment to motion asking that the issue of whether the Church of the New Song is a religion be reopened. These motions were based upon the District Court decisions in *Theriault v. Silber,* 391 F.Supp. 578 (W.D.Tex.1975), and *Theriault v. Establishment of Religion on Taxpayers' Money,* CV 70–186–D (E.D. Ill.1975), which held that the Church of the New Song was not a religion within the scope of the First Amendment, and the factual allegation that the Church of the New Song is primarily a political organization "with a little religion."

The District Court, after an evidentiary hearing, denied the petition to hold the prison officials in contempt and held that they had complied with the order in *Remmers* because: (1) the prison's staff chaplains, who are of the Catholic and Protestant faiths, are employed to provide for the spiritual needs of all prisoners in Cellhouse 20 regardless of religious denomination and also provide many nonreligious services for the inmates; (2) it would be unreasonable to require prison officials to maintain more than a representative selection of religious professions on the prison staff; and (3) the restriction placed upon the inmates' access to ministers of the Church of the New Song are applicable to all visiting clergy and are reasonable in the light of the institutional requirements of discipline, safety and security. The District Court also held, on the basis of the state's motions and supporting affidavits, that there was insufficient justification to reopen the issue of whether the Church of the New Song is a religion within the ambit of the First Amendment because: (1) this Court's decision

in *Remmers* constitutes the law of the case irrespective of the decisions of other District Courts; and (2) the factual allegations to support the conclusion that the Church of the New Song is a hoax and sham were vague and inconclusive. Both the State of Iowa and the members of the Church of the New Song appeal.

■ With respect to the issue of whether the prison officials have complied with this Court's decision in *Remmers,* it is our view that a further evidentiary hearing must be held to focus on whether the prison policy limiting the access to visiting clergy to a two-hour period each Wednesday can be upheld. The District Court's finding that the institutional restrictions at the Iowa State Penitentiary are facially neutral does not insure that the members of the Church of the New Song have a "meaningful opportunity to freely exercise their religion in the same degree as other inmates" given the numerous requests for counseling by the members. On remand, the burden shall be on the members of the Church of the New Song to show that the two-hour per week restriction on the access to ministers of their faith causes an inadequate opportunity for counseling. It shall be the burden of the State of Iowa to show that any greater opportunity for counseling to members of the Church of the New Song is unreasonable in the light of the institutional requirements for proper prison administration.

■ With respect to whether the Church of the New Song is a religion within the ambit of the First Amendment, we hold that the District Court correctly found the motions and supporting affidavits of the state insufficient to justify reopening the issue. Since this appeal has been filed, however, new affidavits have been submitted by the state

3. The members of the Church of the New Song complained specifically of the regulations that: (1) limited the access to their ministers for counseling to two hours each Wednesday; (2) denied their ministers access to their cells for counseling purposes; (3) denied them the right to bring documentary materials from their cells to the counseling sessions with the ministers; and (4) required their ministers to obtain explicit authorization to visit inmates confined in the prison hospital.

which allege, in substance, that: (1) ministers and members of the Church of the New Song have been charged with possession of illegal drugs; (2) at least one inmate has received a controlled substance from a minister of the faith; and (3) at least in one instance, counseling sessions have been used as an occasion for sexual relations with inmates. The District Court has not had an opportunity to determine whether these allegations are sufficient to justify taking additional evidence on the issue of whether the Church of the New Song is a religion. We will not decide the matter without giving the District Court the first opportunity to pass on the question.

The cause is remanded to the District Court for further proceedings consistent with this opinion. The District Court may, in its discretion, first determine whether the state's new allegations are sufficient to justify reopening the issue of whether the Church of the New Song is a religion within the scope of the First Amendment. Should it find that the allegations are sufficient, it should then proceed directly to determine the underlying issue. Should the District Court find that the affidavits do not justify an additional hearing or, after a hearing, reaffirm the protective status of the Church of the New Song under the First Amendment, it shall then determine, in the light of this opinion, whether additional opportunities for access to ministers of their faith must be afforded the members of the Church of the New Song incarcerated in the Iowa State Penitentiary.