**GETZ, Susan, Appellant,**

v.

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF PUBLIC WELFARE.**

No. 86-1061.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Sept. 8, 1986.

Decided Sept. 23, 1986.

Gerald Gornish, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for appellant.

LeRoy S. Zimmerman, Atty. Gen. by Carl Vaccaro, Deputy Atty. Gen., John G. Knorr, Sr. Deputy Atty. Gen., Andrew S. Gordon, Chief Deputy Atty. Gen., Chief, Litigation Section, Office of Atty. Gen., Philadelphia, Pa., for appellee.

Before ALDISERT, Chief Judge, and HIGGINBOTHAM and HUNTER, Circuit Judges.

### OPINION OF THE COURT

ALDISERT, Chief Judge.

Susan Getz is an employee of the Department of Public Welfare of the Commonwealth of Pennsylvania. She is an Orthodox Jew. The Commonwealth has permitted her to take religious holidays with pay under the provisions of the collective bargaining agreement between the Commonwealth and state employees. Nevertheless, in order to accumulate more vacation leave, she asked that she be able to work over-

time instead of working only the required seven and one-half hours a day. When the Commonwealth refused, she sought relief in the State Human Relations Commission and the EEOC. Neither granted relief. She then sought relief in the district court and Judge Weiner held that she had not established a prima facie case, 644 F.Supp. 26 (E.D.Pa.1985). She appeals and we now affirm.

Her action is based on Title VII of the Civil Rights Act alleging that her employer has discriminated against her on the basis of religion. On review the findings of fact are tested by the clearly erroneous rule; selection and interpretation of appropriate legal precepts are plenary.

Appellant is a case worker, a civil service employee, and is covered by the provisions of the collective bargaining agreement between the Commonwealth of Pennsylvania and the Pennsylvania Social Services Union. As to her and other employees of comparable status, the agreement provides that she is entitled to the following days of leave with pay per year in the years 1984–1985 and 1985–1986:

| | | 1984–1985 | 1985–1986 |
|---|---|---|---|
| 1. | Annual Leave | 15.6 days | 15.6 days |
| 2. | Personal Leave | 4 days | 5 days |
| 3. | Sick Leave | 15 days | 13 days |
| 4. | State Holidays | 12 days | 10 days |

As part of her religious beliefs she is required to refrain from work on thirteen days during the year. Her holidays do not occur on the same date each year and a varying number of the days fall on weekends or other state holidays. In 1985, five of her religious holidays occurred on a weekend or a state holiday; in 1986, seven will.

We deem it significant that during her entire employment she has been permitted to refrain from work on all her religious holidays and has been able to observe all her religious holidays by taking leave with pay. During 1986 she will be granted 20.6 days of leave with pay; this is in addition to the leave accumulated of five days not used in 1985.

In 1984 she requested that she be permitted to accumulate ten days of compensatory time by working an additional one-half hour on certain days of the week.

It is Pennsylvania's refusal to accede to her request to accumulate ten days of compensatory time by working overtime that forms the basis of suit which she brought under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–2(a) (1982), which in pertinent part, provides that it is an unlawful practice for an employer:

> to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . .

■ The burden in these cases is familiar: if the plaintiff establishes a prima facie case, the burden then shifts to the employer to show that it made good faith efforts to accommodate, and if such efforts were unsuccessful, to demonstrate that it was unable to reasonably accommodate without undue hardship.

The district court made findings which we do not deem erroneous that there is no evidence that she has been required to comply with an employment condition that conflicts with her religious beliefs and practices. The evidence shows that the Commonwealth's policy, which applies to all employees, is to permit its employees to take paid leave on days they wish to observe as personal religious holidays. Clearly this does not discriminate against the appellate.

Even with the plan set forth by the Commonwealth we deem it significant that she will have nearly three weeks of paid leave remaining after having the religious holidays. The district court observed:

> Plaintiff has not had to choose between sacrificing a portion of her salary and her religious beliefs nor has she had to choose between taking a religious holiday and being penalized by her employer for missing a workday. On the contrary, plaintiff has been able to take paid leave to observe all of her religious holidays and, under the current collective bargain-

ing agreement, has 20.6 days of annual and personal leave with which to observe her 13 religious holidays in the future, many of which will not even occur on workdays. Thus, DPW's policies can hardly be found to conflict with plaintiff's religious beliefs and practices.

*Getz v. Pennsylvania Department of Public Welfare,* 644 F.Supp. 26 (E.D.Pa.1985), *reprinted in* app. at 81a.

■ Moreover, we are satisfied that the defendant has established a neutral scheduling policy and that there is no conflict between appellant's employment and the observation of her religious holidays. We are satisfied that under the scheduling system, the Commonwealth has "reasonably accommodated" Getz's religious observance. She is able to worship fully. Her only complaint is that she wants to have her religious holidays and keep her vacation days as well. Accordingly, we find no tension with 42 U.S.C. § 2000e(j):

> The term "religion" includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

We are satisfied with the reasoning of the Court of Appeals for the Tenth Circuit in *Pinsker v. Joint District Number 29J of Adams and Arapahoe Counties,* 735 F.2d 388 (10th Cir.1984):

> Title VII requires reasonable accommodation. It does not require employers to accommodate the religious practices of an employee in exactly the way the employee would like to be accommodated. Nor does Title VII require employers to accommodate an employee's religious practices in a way that spares the employee any cost whatsoever. *See Brener v. Diagnostic Center Hospital,* 671 F.2d 141, 145–46 (5th Cir.1982); *Chrysler Corp. v. Mann,* 561 F.2d 1282, 1285 (8th Cir.1977), *cert. denied,* 434 U.S. 1039, 98

S.Ct. 778, 54 L.Ed.2d 788 (1978). Defendant's policy and practices jeopardized neither Pinsker's job nor his observation of religious holidays. Because teachers are likely to have not only different religions but also different degrees of devotion to their religions, a school district cannot be expected to negotiate leave policies broad enough to suit every employee's religious needs perfectly. Defendant's policy, although it may require teachers to take occasional unpaid leave, is not an unreasonable accommodation of teachers' religious practices. Thus, the trial court correctly determined that plaintiff did not make a prima facie showing of discrimination. *Id.* at 390–91.

We agree with the Commonwealth that the plaintiff's proposal would violate the provisions of the collective bargaining agreement relating to overtime and seniority. We have recently made reference to the application of collective bargaining agreements to the reasonable accommodation requirement: "In its central holding [in *Trans World Airlines, Inc. v. Hardison,* 432 U.S. 63, 81, 83, 97 S.Ct. 2264, 2275, 2276, 53 L.Ed.2d 113 (1977)] the Court ruled that the reasonable accommodation requirement did not compel an employer to abrogate a collective bargaining agreement in order to enable an employee to satisfy religious observances." *Protos v. Volkswagen of America, Inc.,* 797 F.2d 129, 133 (3rd Cir.1986). We also agree with the Commonwealth that the EEOC guidelines relied upon by the appellant do not control. Their applicability is primarily in situations where there is a conflict between the employer's employment policies and the practice of the religion. Such a conflict does not exist here.

We have carefully considered the contentions presented by the appellant.

The judgment of the district court will be affirmed in all respects.