25 F.3d 1056
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert DUNN, Plaintiff-Appellant,
and
Douglas B. Williams, Paul R. Marwedel, Plaintiffs,
v.
O. Lane McCOTTER and K. Thompson, in their personal and
individual capacities, Defendants-Appellees.
 No. 93-4220.
 United States Court of Appeals, Tenth Circuit.
 June 9, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Robert Dunn appeals the district court's decision dismissing his 42 U.S.C.1983 action as frivolous under 28 U.S.C.1915(d).[2] Dismissal under 1915(d) is appropriate if the plaintiff has failed to allege a claim with any arguable legal basis. See Nietzke v. Williams, 490 U.S. 319, 325 (1989). We review a district court's 1915(d) dismissal for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 3
 In his complaint, plaintiff asserted three unavailing challenges to a prison grooming policy requiring male inmates to wear military taper haircuts: 1) the policy violated his Fourteenth Amendment right to equal protection of the law because it applied to male, but not female, inmates, see Turner v. Safley, 482 U.S. 78, 95 n.* (1987)(prison officials are not required to enforce same regulations in different prison facilities); 2)the policy violated his First Amendment freedom of expression, see Brooks v. Wainwright, 428 F.2d 652, 653, 654 (5th Cir.1970); cf. New Rider v. Board of Educ. of Indep. Sch. Dist. No. 1, 480 F.2d 693, 698 (10th Cir.) (public school policy prohibiting long hair did not implicate First Amendment freedom of speech), cert. denied, 414 U.S. 1097 (1973); and 3) the policy violated his Eighth Amendment right to be free from cruel and unusual punishment, cf. Shabazz v. Barnauskas, 790 F.2d 1536, 1538 (11th Cir.) (compelling inmate with medical excuse to comply with prison regulation requiring all inmates to be clean shaven did not rise to level of cruel and unusual punishment forbidden by Eighth Amendment), cert. denied, 479 U.S. 1011 (1986). The district court, therefore, did not abuse its discretion in dismissing these claims as frivolous.
 
 
 4
 Liberally construing his pleadings, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), however, plaintiff, in his objection to the magistrate judge's recommendation of dismissal, alleged that the prison grooming policy violated his First Amendment right to the free exercise of his Native American religion. Such an allegation raises a significant claim requiring full evidentiary development in support of an analysis of the reasonableness of the prison regulation under Turner, 482 U.S. at 89-90. See Longstreth v. Maynard, 961 F.2d 895, 903 n. 7 (10th Cir.1992); see also Mosier v. Maynard, 937 F.2d 1521, 1525 n. 2 (10th Cir.1991)("we recognize that prisoners have been singularly unsuccessful under Turner in challenging grooming codes, ... but this does not obviate the need for facts upon which to base" a determination that these codes are reasonable). Because the district court dismissed this claim without requiring prison officials to assert any legitimate penological interests underlying this policy and the reasonable relationship between these interests and the policy, see Turner, 482 U.S. at 89-90, the district court abused its discretion in dismissing this claim as frivolous. Cf. Hall v. Bellmon, 935 F.2d 1106, 1114 (10th Cir.1991)(affirming Rule 12(b)(6) dismissal of prisoner's claim challenging grooming policy and procedures on religious grounds after prison officials submitted special report, Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978), addressing justifications for policy).
 
 
 5
 Accordingly, we AFFIRM the district court's dismissal of all of plaintiff's claims except the claim alleging the violation of his First Amendment right to the free exercise of his religion. With respect to that claim, we REVERSE the dismissal and REMAND for further proceedings consistent with this order and judgment.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiff Dunn is the only appellant properly before this court in light of the notice of appeal's caption, indicating "Robert Dunn, et al." as plaintiffs, see Torres v. Oakland Scavenger Co., 487 U.S. 312, 317-18 (1988), and designating only Mr. Dunn as an appellant